UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) Docket no. 2:17-cr-00065-GZS<br>) |
| ADAM BRAKE, | )<br>) |
| Defendant. | )<br>) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 61). Having reviewed this Motion, along with the Government's Response (ECF No. 64), the Court DENIES Defendant's Motion.

In the context of a motion for compassionate release, Defendant states complaints about the conditions of his imprisonment and about the Bureau of Prison's ("BOP") calculation of good-time credits. Additionally, he requests that the Court order him to be remitted to home confinement, or else transferred to a residential reentry management facility.

For the reasons given in its October 5, 2021 Order, the Court denies Defendant's renewed request for compassionate release. (See 10/05/2021 Order (ECF No. 60), PageID #s 287–89.) Furthermore, the Court reiterates that the conditions of Defendant's confinement are not properly brought before it for review. (See id., PageID # 288 n. 2.) Nor does the Court have the authority to review, via the present Motion, Defendant's challenge to the BOP's calculation of his good-time credits. See generally Barber v. Thomas, 560 U.S. 474 (2010) (evaluating an inmate's challenge to BOP's calculation of good-time credits via a habeas petition) & Perez-Olivo v.

Chavez, 394 F.3d 45 (1st Cir. 2005) (same).  The Court likewise cannot review BOP's decision not to place Defendant in home confinement in this posture.  See Tapia v. United States, 564 U.S. 319, 330–31 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment' . . . [D]ecisionmaking authority rests with the BOP.").  Finally, the Court takes judicial notice of the fact that Defendant appears to have been transferred to a residential reentry management facility, mooting his request on this point.[1]

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 61) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 12th day of April, 2022.

---

[1] See https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (locating Defendant at Philadelphia RRM) (last visited Apr. 12, 2022).